# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OSCAR ERNESTO LOPEZ SANTOS,<br><br>Petitioner,<br><br>v.<br><br>PAMELA BONDI, et al.,<br><br>Respondents. | Case No. 1:25-cv-00884-SAB-HC<br><br>FINDINGS AND RECOMMENDATION TO GRANT RESPONDENTS' DECEMBER 4, 2025 MOTION TO DISMISS, DISMISS PETITION FOR WRIT OF HABEAS CORPUS AS MOOT, AND TERMINATE RESPONDENTS' SEPTEMBER 19, 2025 MOTION TO DISMISS<br><br>(ECF Nos. 7, 12)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE |

Petitioner is proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

**I.**

**BACKGROUND**

On July 21, 2025, Petitioner filed the instant petition for writ of habeas corpus. (ECF No. 1). Petitioner alleged that he has been detained in immigration custody for over twenty-one months without a bond hearing. (ECF No. 1 at 2.[1]) On September 19, 2025, Respondents filed a motion to dismiss. (ECF No. 7.) On October 17, 2025, Petitioner filed an opposition, and on October 31, 2025, Respondents filed a reply. (ECF Nos. 10, 11.) On December 4, 2025, Respondents filed a second motion to dismiss, arguing that the petition is moot because Petitioner has been removed from the United States. (ECF No. 12.)

---

[1] Page numbers refer to the ECF page numbers stamped at the top of the page.

## II.

## DISCUSSION

Article III of the United States Constitution limits the jurisdiction of federal courts to "actual, ongoing cases or controversies." Lewis v. Continental Bank Corp., 494 U.S. 472, 477 (1990). "This case-or-controversy requirement subsists through all stages of federal judicial proceedings," which "means that, throughout the litigation, the plaintiff 'must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.'" Spencer v. Kemna, 523 U.S. 1, 7 (1998) (quoting Lewis, 494 U.S. at 477).

In the petition, Petitioner challenged his prolonged detention in U.S. Immigrations and Customs Enforcement ("ICE") custody. (ECF No. 1.) The declaration of a deportation officer states: "On November 25, 2025, Petitioner was removed from the United States on Flight #26-001169 from Alexandria International Airport (AEX) with a final destination of Ramon Villeda Morales International Airport (MHLM) in Honduras." (ECF No. 12-1 at 2.) As Petitioner is no longer in ICE custody, the Court finds that no case or controversy exists and the petition is moot. See Abdala v. I.N.S., 488 F.3d 1061, 1065 (9th Cir. 2007) (holding habeas petition challenging length of immigration detention was moot because "there was no extant controversy for the district court to act upon" when petitioner was subsequently deported, "thereby curing his complaints about the length of his INS detention").

## III.

## RECOMMENDATION & ORDER

Accordingly, the Court HEREBY RECOMMENDS that:

1. Respondents' December 4, 2025 motion to dismiss (ECF No. 12) be GRANTED;

2. The petition for writ of habeas corpus be DISMISSED as moot; and

3. Respondents' September 19, 2025 motion to dismiss (ECF No. 7) be TERMINATED.

Further, the Clerk of Court is DIRECTED to randomly assign this action to a District Judge.

///

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within **FOURTEEN (14) days** after service of the Findings and Recommendation, any party may file written objections with the Court, **limited to fifteen (15) pages in length, including any exhibits**. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within fourteen (14) days after service of the objections. The assigned District Judge will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **January 27, 2026**

STANLEY A. BOONE
United States Magistrate Judge

3